THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS GEORGE MISKAM, | ) CIVIL NO. 2:08-02229 JMS |
|  | ) |
| Plaintiff, | ) ORDER (1) DISMISSING |
|  | ) COMPLAINT IN PART WITH |
| vs. | ) LEAVE TO AMEND AND |
|  | ) (2) DIRECTING SERVICE |
| S. MCALLISTR et al., | ) |
|  | ) |
| Defendants. | ) |
| _____ | ) |

**<u>ORDER (1) DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND AND (2) DIRECTING SERVICE</u>**

On September 22, 2008, pro se prisoner Plaintiff Travis George Miskam ("Plaintiff") filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Correctional Officer S. McAllister ("McAllister"),[1] Chief Inmate Appeals Officer N. Grannis ("Grannis"), Correctional Sergeant M. Keating ("Keating"), Captain / Associate Warden of Central Operations D. Davey ("Davey"), Chief Deputy Warden M. D. McDonald ("McDonald"), Correctional and/or Facility Captain R. Pimentel ("Pimentel"), Appeals Examiner K. J. Allen ("Allen"), Associate Warden of Central Operations R. L. Gower ("Gower"),[2]

---

[1] While the Complaint refers to Correctional Officer "S. McAllistr," the court assumes that the correct spelling is McAllister.

[2] Plaintiff refers to the Associate Warden of Central Operations as R. L. "Gower" and "Glower." *Compare* Compl. at 4 ¶ 8 *with id.* 5(b) ¶ 4.

Correctional Sergeant T. Mossinger ("Mossinger"), Chief Inmate Appeals Officer M. Broddrick ("Broddrick"),[3] and Warden Tommy Felker ("Felker") (collectively, "Defendants")[4] in their official and individual capacities.  Based on the following, the court DISMISSES Plaintiff's Complaint in part WITH LEAVE TO AMEND and DIRECTS SERVICE.

## I.  BACKGROUND

Plaintiff's Complaint sets forth § 1983 claims based upon Defendant HDSP officers' confiscation and refusal to return certain publications and challenges HDSP's underlying policy banning certain publications.  While not entirely clear, it appears that Plaintiff also alleges that Defendants mishandled the grievance process by failing to thoroughly examine the confiscated materials, simply "rubber stamping" the denial of his appeals, and refusing to investigate his lost mail.  *See* Compl. at 5(b) ¶ 2, 5(d) ¶¶ 1-8 (claim 3).  Plaintiff may also make a claim based upon either the negligent or intentional loss of his mail.  *See id.*

Specifically, Plaintiff alleges that: (1) Defendants Davey, Graniss, Keating, McAllister, McDonald, and Pimentel confiscated and/or refused to return

---

[3] Plaintiff refers to Chief Inmate Appeals Officer as "M. Brodderick" in the caption and "M. Broddrick" within the Complaint.  *Compare* Compl. at 1 *with id.* at 4 ¶ 10.

[4] All Defendants work at High Desert State Prison ("HDSP") in Susanville, California, where Plaintiff is currently incarcerated.

2

his *Resistance* magazine pursuant to HDSP practice or policy, *id.* at 5-5(a) ¶¶ 1-8; (2) Defendants Allen, Davey, Gower, McAllister, McDonald, and Mossinger confiscated and/or refused to return his comic book, *Satan Sodomy Baby*, pursuant to HDSP practice or policy, *id.* at 5(b)-5(c) ¶¶ 1-7; (3) Defendants Broddrick, Gower, Grannis, Keating, and McDonald were responsible for the negligent or intentional loss of his mail and failure to properly investigate his grievance regarding the matter, *id.* at 5(d)-(e) ¶¶ 1-8; (4) Defendants Allen, Broddrick, Davey, Gower, Grannis, Keating, McAllister, McDonald, Mossinger, and Pimentel generally mishandled his grievances, *id.* at 5-5(e); and (5) Defendant Felker approved the ban on certain publications, thereby denying Plaintiff access to them. *Id.* at 5(f) ¶¶ 1-2.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), the court must screen cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental agency. The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that (1) are legally frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Franklin*, 745 F.2d at 1227.

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

///

///

///

### III. DISCUSSION

Although difficult to discern, Plaintiff appears to make three general allegations: (1) Defendants mishandled his grievances regarding the confiscation and/or access to certain publications; (2) Defendants either intentionally took or negligently lost his mail; and (3) Defendants confiscated or denied him access to certain publications. The court addresses each allegation in turn below.

### A.   Plaintiff's Claims Based upon Allegations That Certain Defendants Mishandled His Grievances

Liberally construing Plaintiff's Complaint, he alleges that certain Defendants mishandled his grievances by failing to review the publications that were confiscated and "rubber stamping" the denial of his appeals.

Plaintiff's claims, to the extent based on any mishandling of his grievances, are not cognizable in a § 1983 action because there is no constitutional right to a prison administrative appeal or grievance system for California inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (stating that inmates have "no legitimate claim of entitlement to a grievance procedure"); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding no liberty interest in processing of appeals because there is no entitlement to a specific grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison]

5

grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." (citation and quotation signals omitted)).

In sum, Plaintiff cannot state a claim based on several Defendants' alleged mishandling of his grievances by either failing to examine the confiscated publications or rubber stamping his appeals. The court, therefore, DISMISSES Plaintiff's claims to the extent based on Defendants' mishandling of his grievances WITH LEAVE TO AMEND.

**B.     Plaintiff's Claim Based upon His Lost or Stolen Personal Property**

From what the court can discern, Plaintiff may make a § 1983 claim based upon his belief that one or several Defendants either lost or stole his mail. *See* Compl. at 5(d) ¶¶ 1-8.

Neither a negligent nor "an unauthorized intentional deprivation of property by a state employee . . . constitute[s] a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Daniels v. Williams*, 474 U.S. 327, 330-33 (1986) (holding that mere negligence by a state official does not deprive an individual of Due Process under the Fourteenth Amendment); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) ("[A] negligent or intentional deprivation of a

6

prisoner's property fails to state a claim under § 1983 if the state has an adequate post deprivation remedy."); *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1067 (S.D. Cal. 2007) ("Neither a negligent act nor an intentional act deprives an individual of due process of law so long as the act was unauthorized or random."). In other words, where a state provides a meaningful postdeprivation remedy (as California does),[5] only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is carried out pursuant to established state procedures, regulations, or statutes. *See Honey v. Distelrath*, 195 F.3d 531, 534 (9th Cir. 1999) (holding § 1983 action may stand where state officials acted pursuant to "established procedures" or acted in a "deliberate, considered, planned" manner); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985) (stating § 1983 suit based upon due process violation is allowed where state official acts "pursuant to a state policy and deliberately carr[ies] out what appears to that official to be proper procedures"); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

In light of Plaintiff's allegations, it appears that he may allege either a negligent or unauthorized intentional taking of his property by an unknown HDSP

---

[5] "California law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

officer in the mail room. Neither allegation states a cognizable claim. Thus, the court DISMISSES WITH LEAVE TO AMEND Plaintiff's claim to the extent based on his stolen or misplaced mail.

### C. Plaintiff's Claim Based upon Defendants' Confiscating or Denying Him Access to Certain Prohibited Publications

At the pleading stage, Plaintiff's allegations against Defendants Allen, Davey, Felker, Gower, Grannis, Keating, McAllister, McDonald, Mossinger, and Pimentel for confiscating or denying him access to certain publications appear to state a claim pursuant to 42 U.S.C. § 1983 and shall proceed, subject to future adversary proceedings.[6]

### D. Leave to Amend

By **March 16, 2009**, Plaintiff may submit an amended complaint curing the deficiencies identified by the court in this Order. Should Plaintiff not submit an amended complaint by **March 16, 2009**, this matter shall proceed based on the Complaint as set forth in this Order.

The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended complaint. If Plaintiff fails to use the court-approved form,

---

[6] Because Plaintiff's claims against Defendant Broddrick (also referred to as "Brodderick") are based only upon the mishandling of his grievances and his lost or stolen personal property that this court has DISMISSED WITH LEAVE TO AMEND, Plaintiff's claims against Defendant Brodderick are also DISMISSED WITH LEAVE TO AMEND.

the court may strike the amended complaint and dismiss this action without further notice. Also, Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-provided form and may not incorporate by reference any part of the original Complaint.

An amended complaint will supersede the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Accordingly, if Plaintiff files an amended complaint, the court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint will be waived if it is not raised in the amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**E.   Warnings**

   *1.   Address Changes*

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Eastern District of California's Local Rules of Civil Procedure ("Local Rules"). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### 2. *Copies*

Plaintiff must submit an additional copy of every filing for use by the court. *See* Local Rule 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### 3. *Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (stating that a district court may dismiss an action for failure to comply with any order of the court).

## IV. CONCLUSION

Based on the above, the court DISMISSES the Complaint IN PART with leave to amend. The court further ORDERS as follows:

1. Plaintiff has failed to state a claim based upon Defendants' mishandling of his grievances and negligent or intentional loss of his personal property. The court DISMISSES Plaintiff's claims identified within this paragraph WITH LEAVE TO AMEND. The court also DISMISSES WITH LEAVE TO AMEND the claims against Defendant Broddrick.

2. Plaintiff has until **March 16, 2009** to file an amended complaint in compliance with this Order. If Plaintiff fails to file an amended complaint

    regarding his claims dismissed in number 1 above by **March 16, 2009**, the Clerk of Court will, without further notice, enter dismissal of Plaintiff's claims to the extent based upon Defendants' mishandling of his grievances and negligent or intentional loss of his personal property, and the matter will proceed against Defendants Allen, Davey, Felker, Gower, Grannis, Keating, McAllister, McDonald, Mossinger, and Pimentel only.

3. Plaintiff has stated a claim against Defendants Allen, Davey, Felker, Gower, Grannis, Keating, McAllister, McDonald, Mossinger, and Pimentel based upon Defendants' confiscation and/or denial of Plaintiff's access to certain publications. This claim shall proceed and service upon the above-named Defendants is thereby appropriate.

4. The court DIRECTS the Clerk of Court to send Plaintiff a copy of this Order, a copy of the form for filing a civil rights complaint by a prisoner, one USM-285 form, one summons, an instruction sheet, and one copy of the Complaint filed September 22, 2008.

5. By **March 16, 2009**, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

     c.     One completed USM-285 form for each Defendant listed in number 3 above; and

     d.     Eleven copies of the endorsed Complaint filed September 22, 2008.

6.     Plaintiff need not attempt service on Defendants and need not request waiver of service.  Upon receipt of all the documents listed in number 5, the court will direct the Clerk of Court to forward the completed forms to the United States Marshal to serve on the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7.     Plaintiff's failure to comply with this Order may result in automatic dismissal of this action.

     IT IS SO ORDERED.

     DATED:  Honolulu, Hawaii, February 10, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Miskam v. McAllistr et al.*, Civ. No. 2:08-02229 JMS, Order (1) Dismissing Complaint in Part with Leave to Amend and (2) Directing Service

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS GEORGE MISKAM

    Plaintiff,                                        No. CIV 2:08-02229 JMS

  vs.

S. MCALLISTR, et al.,                     NOTICE OF SUBMISSION

    Defendants.                          OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____    completed summons form

    _____    completed USM-285 forms

    _____    copies of the _____
                    Complaint/Amended Complaint

DATED:

                                          _____
                                          Plaintiff