THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS GEORGE MISKAM, | ) CIVIL NO. 2:08-02229 JMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART DEFENDANTS' |
| vs. | ) MOTION FOR SUMMARY |
| | ) JUDGMENT |
| S. MCALLISTER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

On September 22, 2008, pro se prisoner Travis George Miskam ("Plaintiff") filed a civil rights action pursuant to 42 U.S.C. § 1983. In the court's February 10, 2009 Order Dismissing Complaint in Part, the court allowed Plaintiff's claims to proceed against Defendant D. Davey ("Captain Davey"), S. McAllister, N. Grannis, M. Keating, M.D. McDonald, T.R. Mossinger, R.L. Gower, R. Pimatel, K.J. Allen, and T. Felker ("Warden Felker") for confiscating or denying Plaintiff access to certain publications.

On July 14, 2010, Defendants filed a Motion for Summary Judgment ("Defendants' Motion"), asking the court to take judicial notice of the Complaint

and arguing that summary judgment should be granted for various reasons. On August 16, 2010, Plaintiff filed an Opposition.[1] On September 8, 2010, Defendants filed a Reply. Based on the following, the court GRANTS in part and DENIES in part Defendants' Motion.

## II. BACKGROUND

Plaintiff alleges claims based on the denial of two publications, the magazine Resistance and the comic book Satan's Sodomy Baby, and additional claims based on the denial or confiscation of various publications within High Desert State Prison ("HDSP"). The following allegations are in the Complaint and/or undisputed by the Plaintiff:[2]

According to the Complaint, on September 18, 2007, while housed at HDSP, Plaintiff received an issue of the magazine Resistance in the mail. Pl.'s SUF No. 1. Captain Davey refused to provide Plaintiff with the magazine on the grounds that it allegedly violated Cal. Code Regs. tit. 15, § 3006(c)(1), because it contained racially inflammatory material. *Id.* In the first level response to

---

[1] On August 12, 2010, Plaintiff filed a Motion for a Two Week Extension to file an Opposition. Because Plaintiff subsequently filed an Opposition, the court DENIES as moot this request for additional time.

[2] The court sets forth the facts as they appear in the Complaint because Defendants do not set forth facts in support of their Motion. Further, where the parties have proffered the same facts in their Concise Statements, the court cites directly to Plaintiff's Statement of Undisputed Facts ("Pl.'s SUF").

Plaintiff's administrative grievance, attached as an exhibit to the Complaint, the prison asserted that Resistance is banned within HDSP due to "white supremacist, racially motivating content." Compl. at 20, 69.  In the Complaint, Plaintiff disagrees with HDSP's characterization of the magazine as racially inflammatory, and characterizes Resistance as a "music magazine with band interviews as well as political and scientific commentary." *Id.* at 9.  S. McAllister, M. Keating, M.D. McDonald, R. Pimatel, and N. Grannis ruled against Plaintiff during administrative appeals related to the denial of his magazine.  Pl.'s SUF Nos. 3-11.

On December 13, 2007, Plaintiff received a copy of the comic book Satan's Sodomy Baby in the mail.  *Id.* at No. 12.  Captain Davey again refused to provide Plaintiff with the comic book, this time on the basis that it violated Cal. Code Regs. tit. 15, § 3006(c)(1), (2), (15), and (17) because he claimed that it contained obscenity and nudity, specifically "frontal nudity, contact between the mouth and genitals, and depicts displays or describes bestiality, sadomasochism, or an excretory function."  Pl.'s SUF No. 12.  The first level response to Plaintiff's administrative appeals, attached as an exhibit to the Complaint, claims that a random selection of pages in the comic book revealed pages that "clearly exhibited frontal nudity" and "page after page of explicit images that depict underage illegal sexual acts."  Compl. at 33-34.  The front page of the comic book, also attached to

3

the Complaint as an exhibit, warns the reader that "[t]his comic book contains material unsuitable for children . . . it is filled with vile morally reprehensible subject matter . . . that is quite possibly illegal in some states." *Id.* at 53.  Plaintiff further alleges that S. McAllister, T.R. Mossinger, R.L. Gower, M.D. McDonald, and K.J. Allen ruled against him during administrative appeals related to the denial of the comic book.  Pl.'s SUF Nos. 13-22.

Finally, Plaintiff alleges that Warden Felker instituted a policy banning certain publications at HSDP in violation of his First Amendment rights.  Compl. at 14.  The Complaint includes a list of publications banned within HDSP which include Resistance, The Art of War, Juxtapoz, The Art of Seduction, and 48 Laws of Power.  *Id.* at 69.  Plaintiff also claims that, pursuant to this policy, two of his art books were confiscated on an unspecified date by unnamed individuals.  *Id.* at 14.

### III.  STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The burden initially lies with the moving party to show that there is no genuine issue of material fact.  *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986)). If the moving party carries its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.  DISCUSSION

Plaintiff's claims against Defendants include the following: (1) a claim against S. McAllister, N. Grannis, M. Keating, M.D. McDonald, T.R. Mossinger, R.L. Gower, R. Pimatel, and K.J. Allen ("Administrative Defendants") for their role in denying Plaintiff access to certain publications; (2) a claim against Captain Davey based on the refusal to provide Plaintiff with the magazine Resistance and the comic book Satan's Sodomy Baby; and (3) a claim against

Warden Felker based on the ban on various publications within HDSP.  Defendants ask the court to take judicial notice of the facts set forth in Plaintiff's Complaint, and argue that based on the Complaint, summary judgment is appropriate.  Based on the following, the court DENIES Defendants' request for judicial notice, and GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment.

## A.  Defendants' Request for Judicial Notice

Defendants request that the court take judicial notice of Plaintiff's Complaint "[p]ursuant to Federal Rules of Evidence 201."  Defs.' Mot. at 2.  Defendants do not explain why it is appropriate for the court to take judicial notice of the Complaint, and based on the following, the court declines to do so.

Federal Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  It is inappropriate for courts to take judicial notice of factual propositions that are subject to reasonable dispute, even if they appear as allegations in pleadings.  Weinstein's Federal Evidence § 201.13[1][b] (2d ed. 2010); *see also Rezentes v. Sears, Roebuck & Co.*, --- F.3d ---, 2010 WL 3001921, at *9 (D. Haw. July 30, 2010) ("This court does not understand why Sears asks this

court to take judicial notice of [plaintiff's] Complaint or a declaration.  If the court took such notice, it would only notice the existence of the documents, not notice any facts asserted in the documents as true."); *Williams v. Sandham*, 2008 WL 410611, at *4 (E.D. Cal. Feb. 12, 2008) (refusing to take judicial notice of the complaint); *In re Tyrone F. Conner Corp.*, 140 B.R. 771, 781-82 (Bankr. E.D. Cal. 1992) ("While a court may judicially notice its own records, [plaintiff] operates under the mistaken notion that judicially noticing [the complaint] necessarily includes noticing the truth of the facts asserted in each document . . . the facts . . . cannot at this point be taken as true.").

By asking the court to take judicial notice of the facts within the Complaint, Defendants ask the court to take judicial notice of factual propositions that may be subject to reasonable dispute.  Further, Defendants have not demonstrated that the facts within the Complaint are "capable of accurate and ready determination" -- the Complaint is not verified, and Defendants provide the court with no evidence as to the authenticity of the facts set forth in the Complaint. *Cf. Williams v. Sandham*, 2007 WL 512366, at *2 n.1 (E.D. Cal. Feb. 14 2007) ("The request for judicial notice [of plaintiff's complaint] is denied.  The court notes, however, that plaintiff's complaint is signed under the penalty of perjury.  It is proper for the court to consider plaintiff's complaint, as it does here, as an

affidavit for purposes of resolving defendant's motion for summary judgment."). The court will therefore not take judicial notice of the Complaint. As described below, Defendants' reliance on the Complaint is fatal to several of their arguments because Defendants' arguments are not supported by any evidence establishing the lack of a genuine issue of material fact. Below, the court addresses each of Defendants' substantive arguments.

**B.   Claims Against Administrative Defendants**

Defendants argue that summary judgment should be granted as to Plaintiff's claims against the Administrative Defendants because Plaintiff's allegations are limited to their decisions ruling against Plaintiff during various administrative appeals. *See* Defs.' Mot 9-10; Compl. at 5-15. In other words, Defendants argue that Plaintiff does not allege, nor does he proffer any evidence, that these Administrative Defendants actually denied Plaintiff any publications or confiscated any of Plaintiff's publications.

Ruling against a plaintiff in an administrative appeal, without more, does not rise to the level of a constitutional violation. *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard

who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (stating that inmates have "no legitimate claim of entitlement to a grievance procedure").  Plaintiff has come forward with no evidence that the Administrative Defendants were involved in the facts alleged in the Complaint except in an administrative capacity.  Accordingly, the court GRANTS Defendants' Motion as to Plaintiff's claims against S. McAllister, N. Grannis, M. Keating, M.D. McDonald, T.R. Mossinger, R.L. Gower, R. Pimatel, and K.J. Allen.

## C.     First Amendment Claims Against Captain Davey

Captain Davey requests summary judgment on Plaintiff's claims that the denial of the magazine Resistance and the comic book Satan's Sodomy Baby violated Plaintiff's First Amendment rights, apparently arguing that his actions could not have violated Plaintiff's constitutional rights because the publications were denied on the basis of provisions of the California Code of Regulations ("CCR") that are themselves constitutional.  Based on the following, the court

finds Captain Davey has not carried his summary judgment burden.

The constitutionality of prison regulations is evaluated under the "deferential" standard established by *Turner v. Safley*, 482 U.S. 78 (1987), requiring the court to consider four factors:

> First and foremost, there must be a valid, rational, connection between the prison regulation and the legitimate and neutral governmental interest put forward to justify it. If the connection between the regulation and the asserted goal is arbitrary or irrational, then the regulation fails, irrespective of whether the other factors tilt in its favor. In addition, courts should consider three other factors: the existence of alternative means of exercising the right available to inmates; the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and the absence of ready alternatives available to the prison for achieving the governmental objectives.

*Shaw v. Murphy*, 532 U.S. 223, 229-30 (2001) (citing *Turner*, 482 U.S. at 89-90) (internal punctuation omitted). An inmate may challenge both the constitutionality of a regulation itself and whether the regulation, as applied to that inmate, is "reasonably related to legitimate penological objectives." *Id.* at 232. Inmates who challenge a regulation's application face the "heavy burden" of overcoming "the presumption that the prison officials acted within their broad discretion." *Id.*

According to the Complaint, Captain Davey refused to provide Plaintiff with the publications he received in the mail on the basis of two separate

10

provisions of the CCR. Plaintiff's Complaint does not contest the constitutionality of these provisions, but instead claims that the HDSP policy of banning the magazine Resistance is itself unconstitutional and that the application of the CCR to the comic book Satan's Sodomy Baby is not reasonably related to legitimate penological objectives. Captain Davey provides no evidence allowing the court to apply *Turner* to either claim. For example, Captain Davey provides no evidence demonstrating the existence of a neutral government interest which justifies the denial of the publications, or that his denial of these materials to Plaintiff was rationally related to this government interest. Further, Captain Davey also provides no evidence which allows the court to evaluate the content of the publications themselves.[3] Accordingly, the court DENIES Captain Davey's Motion for Summary Judgment.

**D.     First Amendment Claims Against Warden Felker**

Warden Felker moves for summary judgment on Plaintiff's claims

---

[3] While Plaintiff attached portions of the magazine Resistance to his Opposition, Defendants failed to present the magazine or identify the content within the magazine that is the basis for Captain Davey's denial. As to Satan's Sodomy Baby, the title is certainly suggestive, but the court cannot determine from the title alone that Captain Davey's denial was reasonably related to legitimate penological objectives. Accordingly, Defendants have not carried their summary judgment burden.

The court also recognizes that Captain Davey appears to have provided his reasons for denying Plaintiff these publications in the documents attached to the Complaint. Even if the court were to consider these documents (which the court does not), they are unauthenticated hearsay statements and do not carry Defendants' summary judgment burden.

that he violated Plaintiff's First Amendment rights, on the basis that Plaintiff failed to properly exhaust his administrative remedies related to these claims, as required by the Prison Litigation Reform Act of 1995 (the "PLRA").  *See* Defs.' Mot. 10-13.

Warden Felker has failed to present any evidence which demonstrates that Plaintiff failed to exhaust his First Amendment claims regarding the confiscation or banning of various publications.  Although exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is a mandatory condition to commencing suit, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), the failure to exhaust under the PLRA is an affirmative defense which "defendants have the burden of raising and proving."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  Warden Felker offers no evidence in support of his argument that Plaintiff failed to exhaust, such as declarations which demonstrate that a search of prison records revealed no evidence that Plaintiff exhausted these claims.

Rather, it appears that Warden Felker is arguing that Plaintiff failed to exhaust because, although the Complaint demonstrated that Plaintiff properly exhausted his other claims, the Complaint presented no evidence that Plaintiff exhausted his claims against Warden Felker.  Def.'s Mot. at 13.  *Wyatt*, however, explicitly rejects an interpretation of the PLRA requiring a plaintiff to demonstrate

exhaustion in the complaint. *Id.* ("We therefore agree with five other circuits that nonexhaustion under § 1997e(a) of the PLRA does not impose a pleading requirement.").[4]  Accordingly, the court DENIES Warden Felker's Motion for Summary Judgment.

## V. CONCLUSION

Based on the above, the court GRANTS in part and DENIES in part Defendant's Motion for Summary Judgment.  Plaintiff's claims against Captain Davey and Warden Felker remain.

In denying Defendants' Motion for Summary Judgment as to Plaintiff's claims against Captain Davey and Warden Felker, the court recognizes that this denial is largely due to Defendants' procedural error of relying on the Complaint (and statements in documents attached to the Complaint) to establish facts.  The court expresses no opinion regarding whether a subsequent motion for summary judgment under these circumstances would be appropriate, even though the dispositive motions deadline has already passed.  *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (finding that a district court has discretion in determining when to allow a successive motion for summary judgment where it

---

[4] In Reply, Defendants raise additional arguments attacking the merits of Plaintiff's claim against Warden Felker.  The court will not address arguments raised for the first time in Reply.

may foster "the just, speedy, and inexpensive resolution of suits" and the factual record is further developed).

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, September 21, 2010.



        /s/ J. Michael Seabright
        _____
        J. Michael Seabright
        United States District Judge

*Miskam v. McAllister*, Civ. No. 2:08-02229 JMS, Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment