THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS GEORGE MISKAM, | ) CIVIL NO. 2:08-02229 JMS |
| | ) |
| Plaintiff, | ) AMENDED RULE 16 SCHEDULING |
| | ) ORDER |
| vs. | ) |
| | ) |
| S. MCALLISTER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## AMENDED RULE 16 SCHEDULING ORDER

Pursuant to the Federal Rules of Civil Procedure, Rule 16(b)(1) and the Local Rules of the United States District Court for the Eastern District of California, LR 240(a), the court enters this scheduling order to reflect the trial date and other deadlines.

The Parties are NOTIFIED that all pretrial proceedings will be conducted by telecommunications technologies to allow Plaintiff to remain in the penal institution. *See* 42 U.S.C. § 1997e(f). At the court's discretion, hearings may be conducted in the institution, subject to institution officials' agreement. *Id.* When practicable, counsel shall be allowed to participate by telecommunications technology when any pretrial proceeding is held in the prison.

**TRIAL AND CONFERENCE SCHEDULING:**

1. Jury trial in this matter will commence before the Honorable J. Michael Seabright, United States District Judge on March 15, 2011, at 9:00 a.m.

2. A final pre-trial conference shall be held on February 15, 2011, at 9:00 a.m. before the Honorable J. Michael Seabright, United States District Judge.

3. Pursuant to LR 281, each party herein shall serve and file a separate pre-trial statement by January 24, 2011.

**MOTIONS:**

4. All motions to join additional parties or to amend the pleadings shall be filed by: **CLOSED**.

5. When defendants rely on the affirmative defense of failure to exhaust prison administrative remedies pursuant to 42 U.S.C. § 1997e(a), defendants shall file a dispositive motion to that effect, or notify the court that they are waiving this defense and will not be filing such a motion, by: **CLOSED**.

6. Motions in limine shall be filed February 21, 2011. Opposition memoranda to a motion in limine shall be filed by February 28, 2011.

7. Any dispositive motions shall not be filed unless by leave of court.

8. Motions deadlines will be strictly enforced. After the deadline has passed, the parties may not file such motions except with leave of court, with good

2

cause shown.

**DISCOVERY:**

    10.    The court elects not to apply the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) to this matter.

    11.    Each party shall serve and file a disclosure of all non-expert witnesses reasonably expected to be called at trial according to the following schedule:

        a.    Plaintiff shall comply by November 22, 2010.

        b.    Defendants shall comply by November 29, 2010.

    12.    The disclosure of non-expert witnesses shall include the full name, address, and telephone number of each witness, and a short summary of anticipated testimony.  If certain required information is not available, the disclosure shall so state.  Each party shall be responsible for updating its disclosures as such information becomes available. The duty to update such disclosure shall continue up to and including the date that trial herein actually terminates.

    13.    Pursuant to Fed. R. Civ. P. 26(a)(2), each party shall disclose to each other party the identity and written report of any person who may be used at trial to present expert evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, according to the following schedule:

        a.    Plaintiff shall comply by **CLOSED**.

      b.    Defendants shall comply by **CLOSED**.

14. Pursuant to Fed. R. Civ. P. 16(b)(3) and LR 440, the discovery deadline shall be December 20, 2010. Unless otherwise permitted by the court, all discovery pursuant to Fed. R. Civ. P. 26-37 inclusive must be completed by the discovery deadline. Unless otherwise permitted by the court, all discovery motions and conferences made or requested pursuant to Fed. R. Civ. P. 26-37 inclusive and LR 250.2 and 251 shall be heard by the discovery deadline. While Fed. R. Civ. P. 29 allows the parties to extend certain discovery deadlines by agreement, such stipulations do not, without prior court order, extend the court's obligation to adjudicate discovery disputes.

**SETTLEMENT:**

15. The parties shall be ON CALL for a settlement conference before the Honorable J. Michael Seabright, United States District Judge.

16. If a settlement conference is scheduled, each party shall deliver to the presiding Judge a confidential settlement conference statement by one week prior to the scheduled conference. Parties are directed to LR 270(d) for the requirements of the confidential settlement conference statement.

      Unless otherwise ordered by the court prior to the date of the settlement conference, each party or the party's representative having full authority

to negotiate and settle the case on terms proposed by the opposing party shall appear at the settlement conference, either in person, or for pro se prisoners, by telephone.  Counsel may appear as a party's representative provided counsel produces for the court full written authority from the party to negotiate and settle the case on terms proposed by the opposing party without further consultations with the party.

**OTHER MATTERS:**

17. This order shall continue in effect unless and until amended by subsequent order of the court.

18. Parties are reminded that failure to comply with this Order may result in sanctions, up to and including the sanction of dismissal or entry of default.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 26, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Miskam v. Mcallistr*, Civ. No. 2:08-02229 JMS, Amended Rule 16 Scheduling Order

5

## NOTICE TO PRO SE LITIGANTS

During the course of this litigation, defendants may make a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. You must set forth specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), contradicting the facts shown in the defendant's declarations and documents and showing that there **is** a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

All parties, pro se or not, must comply with the Local Rules of the United States District Court for the Eastern District of California. Local Rule 260 sets out the local requirements for summary judgment motions and oppositions to such motions. To oppose a motion, you must file a concise statement that accepts the facts set forth in the moving parties' concise statement, or sets forth all material facts to which it is contended there exists a genuine issue necessary to be litigated. When preparing the separate concise statement, you must reference only the material facts that are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports your interpretation of the material fact. Documents referenced in the concise statement shall not be filed in their entirety. Instead, you shall extract and highlight only the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting will be adequate. The concise statement shall be no longer than five (5) pages. When resolving motions for summary judgment, the court has no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statement. If necessary, you may request further guidance from the court regarding the requirements of Fed. R. Civ. P. 56 and LR 260.