THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS GEORGE MISKAM, | ) CIVIL NO. 2:08-02229 JMS |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION FOR RECONSIDERATION |
| vs. | ) OF ORDER GRANTING IN PART |
| | ) AND DENYING IN PART |
| S. MCALLISTER, et al., | ) DEFENDANTS' MOTION FOR |
| | ) SUMMARY JUDGMENT |
| Defendants. | ) |
| | ) |
| _____ | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Currently before the court is pro se prisoner Travis George Miskam's ("Plaintiff") Motion for Reconsideration of the court's September 21, 2010 Order Granting in Part and Denying in Party Defendants' Motion for Summary Judgment (the "September 21, 2010 Order"). The September 21, 2010 Order denied Defendants' Motion for Summary Judgment as to Defendants Captain D. Davey and Warden T. Felker, but granted it as to S. McAllister, N. Grannis, M. Keating, M.D. McDonald, T.R. Mossinger, R.L. Gower, R. Pimatel, and K.J. Allen (the "Administrative Defendants"). Plaintiff argues that the court erred by granting summary judgment on Plaintiff's claims against the Administrative Defendants

before Plaintiff received discovery from Defendants.  Based on the following, the court DENIES Plaintiff's Motion for Reconsideration.

## II.  BACKGROUND

On September 22, 2008, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, based on Defendants' denial of Plaintiff's requests for two publications, the magazine Resistance and the comic book Satan's Sodomy Baby, as well as their general denial and/or confiscation of various publications within High Desert State Prison ("HDSP").

On July 14, 2010, Defendants filed a Motion for Summary Judgment, arguing, among other things, that the claims against the Administrative Defendants fail as a matter of law because their only involvement in this dispute was in addressing Plaintiff's various administrative appeals.  On August 11, 2010, Plaintiff filed a Motion requesting two additional weeks to file his opposition because, among other reasons, Plaintiff had not received a response to his discovery requests from Defendants.  Despite this request, on August 16, 2010, Plaintiff filed an Opposition to the Motion for Summary Judgment, and the court therefore denied Plaintiff's request for additional time as moot.  On August 30, 2010 Plaintiff filed a Motion to Compel Defendants' responses to discovery requests.  This Motion did not assert that this discovery was relevant to

Defendants' Motion for Summary Judgment, and did not even mention or refer to this outstanding Motion.

On September 21, 2010, the court granted in part and denied in part Defendants' Motion for Summary Judgment.  As to the Administrative Defendants, the court found that summary judgment was warranted because their participation in the alleged denials and/or confiscation of the publications Plaintiff complains about were limited to their decisions ruling against Plaintiff during various administrative appeals.   On October 12, 2010, the court granted Plaintiff's Motion to Compel.

### III.  STANDARD OF REVIEW

Although the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration of an interlocutory order, the court has discretion to reconsider and vacate a prior order.  *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992).  Local Rule 78-230(j) requires that a party seeking reconsideration of a district court's order must brief "what grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 78-230(j)(3)-(4).  The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2

(9th Cir. 2001).

## IV. ANALYSIS

Plaintiff argues that the court should have deferred ruling on Defendants' Motion for Summary Judgment until Defendants properly responded to Plaintiff's discovery requests. The court disagrees for several reasons.

First, and most importantly, the discovery Plaintiff requested would not have assisted him in creating a genuine issue of material fact as to the claims against the Administrative Defendants. The September 21, 2010 Order granted summary judgment on Plaintiff's claims against the Administrative Defendants because their only involvement in the dispute was ruling against Plaintiff during various administrative appeals. The September 21, 2010 Order explained that it is well-established that ruling against a plaintiff in an administrative appeal, without more, does not rise to the level of a constitutional violation, and that Plaintiff did not come forward with any evidence that the Administrative Defendants were involved in the allegations of the Complaint except in an administrative capacity. Plaintiff does not assert that the Administrative Defendants had any other roles in this dispute, and Plaintiff's discovery was not directed to establishing any alternative bases for his claims against them. Accordingly, Defendants' responses to Plaintiff's discovery requests would not have changed the outcome of the

September 21, 2010 Order.

Second, although Plaintiff had requested additional time to respond to Defendants' Motion for Summary Judgment so he could first receive discovery responses from Defendants, Plaintiff waived this request by subsequently filing an Opposition to Defendants' Motion.  Plaintiff's Opposition substantively addressed Defendants' arguments and made no argument that discovery was necessary to respond to Defendants' Motion.  Accordingly, the court did not err by proceeding to address the merits of Defendants' Motion.

Third, at no point has Plaintiff explained precisely how the discovery he requested from Defendants was necessary to respond to Defendants' Motion for Summary Judgment as to the Administrative Defendants.  Pursuant to Rule 56(f), the court may order a continuance on a motion for summary judgment, among other alternatives, "if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  To prevail under this Rule, a party opposing a motion for summary judgment must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists."  *Blough v. Holland Realty Inc.*, 574 F.3d 1084, 1091 (9th Cir. 2009) ( internal citations omitted); *see also Tatum v. City & County of S.F.*, 441

F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."); *Garrett v. City & County of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987) ("Under Rule 56(f), an opposing party must make clear what information is sought and how it would preclude summary judgment."). "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 989 (9th Cir. 1999), *superseded by statute on other grounds* (finding that failing to file the required Rule 56(f) affidavit detailing with particularity the information sought was fatal to request for further discovery); *see also Tatum*, 441 F.3d at 1100 (finding that an attorney declaration was insufficient to support a Rule 56(f) continuance where declaration failed to specify specific facts to be discovered or explain how a continuance would allow the party to produce evidence precluding summary judgment). Plaintiff failed to explain why the discovery he requested was necessary to respond to Defendants' Motion and how this discovery would preclude summary judgment. Plaintiff therefore failed to carry his burden of establishing why a Rule 56(f) continuance was necessary.

In sum, the court did not err by proceeding to address the merits of Defendants' Motion.

## V. <u>CONCLUSION</u>

Based on the above, the court DENIES Plaintiff's Motion for Reconsideration of the September 21, 2010 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 29, 2010.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Miskam v. McAllister*, Civ. No.  2:08-02229 JMS, Order Denying Plaintiff's Motion for Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment