THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS GEORGE MISKAM, ) | CIVIL NO. 2:08-02229 JMS |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | "MOTION TO ENFORCE |
| vs. ) | PLAINTIFF'S MOTION TO COMPEL |
| ) | A DISCOVERY RESPONSE" |
| S. MCALLISTER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## ORDER DENYING PLAINTIFF'S "MOTION TO ENFORCE PLAINTIFF'S MOTION TO COMPEL A DISCOVERY RESPONSE"

### I.  INTRODUCTION

In this action, pro se prisoner Travis George Miskam ("Plaintiff") currently asserts (1) a claim against Defendant D. Davey ("Captain Davey") based on the refusal to provide Plaintiff with the magazine Resistance and the comic book Satan's Sodomy Baby at High Desert State Prison ("HDSP"); and (2) a claim against T. Felker ("Warden Felker") based on the ban of various publications including the Art of War, Juxtapoz, Art of Seduction, and 48 Laws of Power.[1]

On August 30, 2010, Plaintiff filed a Motion to Compel Discovery

---

[1] The court previously dismissed Plaintiff's claims based on stolen and/or misplaced mail, *see* Doc. No. 9, and granted summary judgment in favor of certain Defendants whose only involvement in this action was in ruling on Plaintiff's administrative appeals regarding the confiscation of publications.  *See* Doc. No. 46.

Responses from Defendants, which Defendants did not respond to and which this court granted in part on October 13, 2010, requiring Defendants to respond to Plaintiff's discovery requests.

On December 17, 2010, Defendants filed a Motion for Summary Judgment, and on December 21, 2010, Plaintiff filed a Motion to Enforce Plaintiff's Motion to Compel a Discovery Response ("Motion to Enforce Further Discovery Responses"). Plaintiff argues that Defendants have provided evasive and incomplete answers and that this discovery will assist in establishing his claims. Due to Defendants' Motion for Summary Judgment, the court vacated the briefing schedule on the Motion for Summary Judgment to address this discovery dispute. Based on the following, the court DENIES Plaintiff's Motion to Enforce Further Discovery Responses, and resets the briefing schedule on Defendants' Motion for Summary Judgment.

## II. ANALYSIS

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy, for purposes of Rule 26(b), is a

2

broad concept that is construed liberally. Amendments to the rule in 2000, however, were "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26 advisory committee's notes; *see also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 967-68 (9th Cir. 2004); *Sallis v. Univ. of Minn.*, 408 F.3d 470, 477 (8th Cir. 2005). "Under Rule 26(b)(1), for example, discovery must now relate more directly to a 'claim or defense' than it did previously, and 'if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved.'" *Elvig*, 375 F.3d at 968.

Plaintiff seeks further responses to both his document requests and his interrogatories. The court addresses these categories in turn.

**A.    Document Requests**

The first document request and response at issue is as follows:

REQUEST FOR PRODUCTION OF DOCUMENTS #2:
The names and contact information including but not limited to address, phone numbers, badge numbers etc. of the High Desert State Prison Institutional Gang Investigators (IGI) officers who authorized "Stormbird Press", "All the Way" and "G-None" to be banned at High Desert State Prison.
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS #2:
Objection. Responding party objects to this request on the basis that said request is phrased in the form of an interrogatory, rather than a request for production of

3

documents. Without waiving the foregoing objections, responding parties do not have in their possession, custody or control any specific document responsive to this request.

Pl.'s Ex. A.

Defendants argue, and the court agrees, that Defendants' response was complete -- they have no documents to produce in response to this request. Further, Defendants properly responded that this request for documents is really an interrogatory, which Plaintiff also issued to Defendants. In response to that interrogatory, Warden Felker identified the two HDSP IGI officers in 2006 who may have recommended the publications be placed on the disallowed publication list. *See* Pl.'s Ex. B, Interrogatory No. 2. Finally, given that the publications at issue in this request are different from the publications at issue in this action, the information requested does not appear relevant to the parties' claims or defenses. Accordingly, the court will not order Defendants to provide a further response.

The second discovery request and response at issue is as follows:

> REQUEST FOR PRODUCTION OF DOCUMENTS #3:
> Any notes, documents, letters, memoranda, files, record books, logs, grievance reports or written communications concerning complaints made against the defendant S. McAllister, et al.,.
> RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS #3:
> Objection. Responding party objects to this request on the basis that it is vague, ambiguous and overbroad.

> Furthermore, responding party objects to this request on the basis that it calls for information protected by the California Penal Code and defendants' right of privacy as set forth of the United States Constitution. Finally, responding party objects to this request as McAllister is no longer a party to this action following the entry of summary judgment on his behalf; hence any documents concerning complaints against him are irrelevant. Thus, no documents will be produced in response to this request.

Pl.'s Ex. A.

Defendants argue, and the court agrees, that their response to this document request was proper. McAllister is no longer a party to this action, such that his personnel file is not relevant to Plaintiff's claims against the remaining Defendants. Further, even if McAllister *were* still a party to this action, it does not appear that his personnel file is relevant to Plaintiff's claims that Plaintiff was improperly denied and/or had confiscated certain publications.

In sum, the court finds that Defendants' discovery responses to Plaintiff's document request were proper and DENIES Plaintiff's Motion as to Defendants' document request responses.

**B.   Interrogatories**

The first interrogatory and response at issue is as follows:

INTERROGATORY NO. 2:
Identify the names of the Institutional Gang Investigators (IGI) officers who put a blanket ban on Stormbird Press,

5

> All the Way, and G-None.
> <u>FELKER'S RESPONSE TO INTERROGATORY NO. 2:</u>
> Objection. This interrogatory assumes facts as phrased. Without waiving the foregoing objection, responding party believes that the Institutional Gang Investigators (IGI) in 2006 were Ld. M. Laguna and Sgt. D. Park. However, responding party cannot specifically recall if these officers recommended that the publications Stormbird Press, All The Way, and G-None be placed upon the disallowed publication list.
> <u>DAVEY'S RESPONSE TO INTERROGATORY NO. 2:</u>
> Objection. This interrogatory assumes facts as phrased. Without waiving the foregoing objection, responding party cannot recall who served as the Institutional Gang Investigators (IGI) in 2006.

Pl.'s Ex. B.

Defendants argue, and the court agrees, that their responses to this interrogatory were proper. Davey does not know information responsive to this interrogatory such that requiring any further response would be futile. Warden Felker also appears to have answered this question to the best of his ability by providing the names of investigators during this time period, even if he cannot determine precisely who put these publications on the banned publication list. Finally, given that the publications at issue in this request are different from the publications at issue in this action, the information requested does not appear relevant to the parties' claims or defenses.

The second interrogatory and response at issue is as follows:

> INTERROGATORY NO. 4:
> Identify any and all documents the length of time HDSP
> has maintained a booklist/publication ban.
> FELKER AND DAVEY'S RESPONSE TO
> INTERROGATORY NO. 4:
> Responding party is unaware of any documents
> identifying the length of time that HDSP has maintained
> a booklist/publication ban.

Pl.'s Ex. B.

As an initial matter, it is unclear precisely what this interrogatory is seeking -- the identification of documents that show how long HDSP has maintained a booklist/publication ban, or the identification of documents relating to HDSP's publication ban from its inception to the present. It appears that the parties construe this interrogatory as the former, and Defendants' response was proper -- they are not aware of responsive documents showing the length of time HDSP has maintained a booklist/publication ban. Although Plaintiff argues that there must be documents that Defendants could identify, Plaintiff has provided no basis for why he believes such documents exist. Further, the length of time HDSP has maintained a booklist/publication ban is irrelevant to whether Defendants banned or improperly refused to provide Plaintiff the particular publications at issue in this action, and Defendants have produced documents regarding the booklist/publication ban for the time period at issue in this action.

The third interrogatory and response at issue is as follows:

>INTERROGATORY NO. 6:
>Identify any and all documents on those parties who were responsible for placing Resistence magazine on a "Blanket Ban" list HDSP.
>FELKER AND DAVEY'S RESPONSE TO INTERROGATORY NO. 4:
>Objection. Responding party objects to this interrogatory on the basis that it is vague and ambiguous. Without waiving the foregoing objections, responding party is unaware of any documents identifying the name of those individuals who were responsible for "Resistence" being placed upon the banned publications list at HDSP in 2006.

Pl.'s Ex. B.

Although Plaintiff argues that this response is improper because "someone had to place Resistence and the other Magazines of the list of banned publications," Pl.'s Mot. 2, the interrogatory does not ask Defendants to identify the individual who placed "Resistence" on the banned publication list. Rather, the interrogatory asks Defendants to identify documents that provide this information. According to Defendants, no such documents exist, and they therefore have responded fully to this interrogatory.

>The fourth interrogatory and response at issue is as follows:
>
>INTERROGATORY NO. 8:
>Identify any and all documents related to any complaint, grievance, criticism, censure, reprimand or rebuke toward any of the defendants prior to, or subsequent to the incident giving rise to this proceeding.
>FELKER AND DAVEY'S RESPONSE TO

>INTERROGATORY NO. 4:
>Objection. This interrogatory is vague, ambiguous, overbroad and unduly burdensome. Furthermore, it calls for information protected by both the Federal Right Privacy and California Penal Code. Hence, no further response will be given.

Pl.'s Ex. B.

Defendants argue, and the court agrees, that no further response to this interrogatory is necessary because it is overbroad. Specifically, a request for the identification of "any and all" documents relating to "any" complaint regarding Defendants is not relevant to Plaintiff's specific claims regarding the alleged improper denial and/or confiscation of the specific publications at issue in this action. Although Plaintiff argues that this discovery will "show a foundation of and pattern of Constitutional violations," Plaintiff's interrogatory is not limited in scope to complaints of Constitutional violations, much less complaints regarding First Amendment violations or complaints regarding the particular publications at issue in this action. Indeed, whether other individuals made "any" complaints about Defendants is irrelevant to whether Defendants violated Plaintiff's Constitutional rights as alleged in the Complaint. Defendants' response was therefore proper.

The court therefore DENIES Plaintiff's Motion as to Defendants' interrogatory responses.

## III.  CONCLUSION

Based on the above, the court DENIES Plaintiff's Motion to Enforce Further Discovery Responses.

The court further sets the following deadlines for Defendants' Motion for Summary Judgment and Plaintiff's Motion for Reconsideration of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment:  Plaintiff shall file an Opposition to Defendants' Motion for Summary Judgment by February 11, 2011, and Defendants shall file a Reply to the Motion for Summary Judgment, as well as an Opposition to the Motion for Reconsideration by February 25, 2011.  Unless otherwise notified, the court will determine this Motion for Summary Judgment without a hearing.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 10, 2011.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Miskam v. McAllister*, Civ. No. 2:08-02229 JMS, Order Denying Plaintiff's "Motion to Enforce Plaintiff's Motion to Compel a Discovery Response"

10